IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB GREENWELL,<br><br>    Plaintiff,<br><br>  v.<br><br>BELKIN CORPORATION,<br><br>    Defendant.<br>                                                          / | No. C 06-02760 WHA<br><br>**ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND VACATING HEARING** |

**INTRODUCTION**

In this putative class-action alleging false advertising, defendant Belkin Corporation moves to transfer this action to the Central District of California for consolidation with an identical action currently pending in that district. Plaintiff has filed no opposition to the motion. For the following reasons, defendant's motion is **GRANTED.**

**STATEMENT**

Defendant Belkin Corporation manufactures and sells wireless network and communication networking products, including wireless routers, modems, and adaptors. Plaintiff's complaint alleged that Belkin advertised that its wireless products would deliver data transmission rates of "11Mbps" and "54Mbps," but that those representations were false. Plaintiff's complaint alleged breach of express warranty, violation of California's Consumer Legal Remedies Act, unfair competition, and violation of California's Business and Professions Code Section 17200 *et seq.* (Compl. ¶¶ 1, 5, 15, 22).

Plaintiff filed the instant action on March 13, 2006 in Alameda County Superior Court. On April 24, 2006, Belkin removed this action to federal court under the Class Action Fairness Act of 2005 and on diversity jurisdiction. For purposes of this motion it is important to note that two virtually identical putative class-action suits were filed against Belkin in 2006. The first, *Shannahoff v. Belkin Corp.*, C 06-1474-GPS, was filed in Los Angeles Superior Court on January 12, 2006 and removed to the Central District of California on March 9, 2006. The other action, *Odanga v. Belkin Corp.*, C 06-5144 GPS, was filed in Los Angeles Superior Court on May 19, 2006, and was removed to the Central District of California on August 16, 2006 (Pettis Exhs. A & B).

It is obvious that plaintiff here copied the *Shannahoff* complaint practically word-for-word — Shannahoff's name appears in plaintiff's complaint (Compl. ¶ 13). Both the *Shannahoff* and *Odanga* complaints allege violations of the same California code sections for the same misconduct as plaintiff's complaint does here. Most important, the putative class is identical in all three suits, and is described as: "All persons residing in the United States who purchased, or will purchase one or more Belkin wireless products (router, modem or adapter) in the United States, on or after the date Defendant placed the products into the stream of commerce" (Compl ¶ 55).

Finally, defendant represents in its reply brief that Belkin and plaintiff's counsel in the *Shannahoff* action "have agreed to all of the terms of a settlement of the putative class' claims" (Reply Br. 2). The parties in *Shannahoff* are reportedly finalizing settlement documents to present to the court for approval.

**ANALYSIS**

Defendant Belkin now moves to transfer this action to the Central District on the grounds that there is an identical, earlier-filed action pending in that district, and that transfer will facilitate coordination with *Shannahoff* and *Odanga* actions. Under 28 U.S.C. 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

As a threshold matter, the party seeking transfer has the burden to establish that the transferee court would have had subject-matter jurisdiction, defendants would have been subject to personal jurisdiction, and venue would have been proper. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). This order finds that this action could have been brought initially in the Central District. Subject-matter jurisdiction would still be appropriate under CAFA in the Central District. Belkin is subject to personal jurisdiction in the Central district to the same extent it is subject to personal jurisdiction in this district. Finally, venue would have been appropriate in the Central District because Belkin is a resident of California. Under 28 U.S.C. 1391(c), "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction."

The Ninth Circuit has instructed that a court must look to a number of "public" and "private" factors to determine whether transfer will serve the interests of justice.

> Private factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling; possibility of view of premises; if view would be appropriate to the action; and all other practical problems that make the trial of a case easy, expeditious and inexpensive." Public factors include "the administrative difficulties flowing from court congestion; the local 'interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law and the unfairness of burdening citizens in an unrelated forum with jury duty."

*Gherebi v. Bush*, 352 F.3d 1278, 1302-03 (9th Cir. 2003), *rev'd on other grounds*, 542 U.S. 952 (2004) (internal citations omitted)..

Here, the private factors weigh strongly in favor of transfer to the Central District. *First,* the access to discovery materials and witnesses will be facilitated by transfer. As defendants state, "[w]itnesses and proof regarding Belkin's sales volume, customers and packaging will necessarily come from Belkin's records and corporate representatives, which are all in Compton, Los Angeles County, California" (Br. 8). *Second*, transfer will facilitate consolidation of this action with the earlier-filed *Shannahoff* action.. These two actions will require analysis of the same legal issues. "[T]he pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery

3

and convenience to witnesses and parties." *A. J. Indus., Inc. v. U.S. Dist. Court for Central Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974) (internal citation omitted). *Third*, by failing to oppose the transfer, plaintiff has not articulated any prejudice that he will suffer by proceeding in the Central District rather than in this district.

The public factors also favor transfer. It would be inefficient for this district to expend resources adjudicating a dispute virtually identical to one already pending in our sister district. "Consolidation prevents waste and duplication of judicial time and effort, and avoids the risk of inconsistent litigation in complicated cases." *Williams v. Sears Roebuck & Co.*, 1998 U.S. Dist. Lexis 1859, *2 (N.D. Cal. 1998). Moreover, if, as defendants represent, *Shannahoff* is on the verge of settling, that settlement would moot the instant suit. It would certainly be "in the interest of justice" for the putative class members in this case, who are identical to the *Shannahoff* class members, to pursue their interests in the same forum as *Shannahoff*. All factors clearly favor transfer to the Central District.

## CONCLUSION

For the foregoing reasons, defendant's motion to transfer is **GRANTED**. The Clerk shall immediately transfer the file to the United States District Court for the Central District of California. Finding no further argument necessary, the hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 10, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE